

**U.S. DEPARTMENT OF JUSTICE**

**John F. Walsh**
United States Attorney
District of Colorado
Appellate Division

| | |
|---|---|
| *1225 Seventeenth Street, Suite 700* | *(303) 454-0100* |
| *Seventeenth Street Plaza* | *(FAX) (303) 454-0461* |
| *Denver, Colorado 80202* | |

May 2, 2012

Elisabeth A. Shumaker
Clerk of the Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

    Re:    *United States v. De Vaughn*, Nos. 11-1225, 11-1226, and 11-1228
               (**set for oral argument in Denver, Colorado, on May 8, 2012**)

Dear Ms. Shumaker:

       Pursuant to Fed.R.App.P. 28(j), Plaintiff-Appellee wishes to bring to the attention of the Court the following supplemental authorities, which are noted with respect to Defendant-Appellant's argument that the district court lacked subject matter jurisdiction to accept his unconditional guilty pleas because the particular conduct alleged in the charging documents to prove that he sent "threats" implicates not merely the sufficiency of the proof of the elements of the offense, but deprived the district court of jurisdiction to adjudicate the matter:

    *United States v. Tush*, 287 F.3d 1294, 1296-97 (10th Cir. 2002):

    •    Although courts frequently call the nexus with interstate commerce a "jurisdictional element" of the statute as a "shorthand" way of noting that, without it, there can be no federal crime under the bombing statute, it is simply one of the essential elements of § 844(i) that must be proved, (quoting *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998));

    •    "The interstate commerce clause is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.*, a court's constitutional or statutory power to adjudicate a case," (quoting *United States v. Prentiss*, 256 F.3d 971, 982 (10th Cir. 2001));

Elisabeth A. Shumaker, Clerk of the Court
May 2, 2012
page 2

- The defendant "mistakes an essential element of the crime with a jurisdictional requirement";

- "Once [defendant] pled guilty in a court which has jurisdiction of the subject matter and of the defendant, . . . the court's judgment cannot be assailed on grounds that the government has not met its burden of proving so-called jurisdictional facts";

10th Cir., *Criminal Pattern Jury Instructions* (2011):

- Instruction No. 2.36 (elements of 18 U.S.C. § 871) ("A 'threat' is a serious statement expressing an intention to kill, kidnap, or injure, which under the circumstances would cause apprehension in a reasonable person.");

- Instruction No. 2.38 (elements of 18 U.S.C. § 876(c)); and

*United States v. Teague*, 443 F.3d 1310, 1318 (10th Cir. 2006)(approving elements of 18 U.S.C. § 875(c) as set forth by district court).

It should also be noted that the approved instructional definition of "threat" in this circuit does not contain a temporal element that excludes a present "intention."

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By: *S/ANDREW A. VOGT*
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, CO 80202
(303) 454-0100
E-mail Addresses:
usaco.ECFappellate@usdoj.gov
Andrew.Vogt@usdoj.gov
Attorneys for Plaintiff-Appellee

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that with respect to the foregoing

    (1) all required privacy redactions have been made;

    (2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

    (3) The digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, TREND MICRO Office Scan for Windows, Version 10.5.1997, Engine Version 9.500.1005, Virus Pattern File 8.965.00, dated 5/2/12 and according to the program are free of viruses.


                                               *s/Dorothy Burwell*
                                               U.S. Attorney's Office

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2012, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to the following e-mail address:

K.A.D. Camara, Esq.
camara@camarasibley.com

    *s/Dorothy Burwell*
Dorothy Burwell
U.S. Attorney's Office